IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                 :
                                       :
OKSALLY ALVAREZ VELEZ,                 :    Case No. 04-06968 (GAC)
JORGE BAUER HUERTAS,                   :    Case No. 05-08723 (GAC)
                                       :
          Debtors                      :    Chapter 13
                                       :
_____:


## DECISION AND ORDER

Case No. 04-06968 was dismissed on December 22, 2004 (dkt. #35), based on the debtors' failure to respond to a motion to dismiss filed by creditors Armando Acevedo Melendez and Clara L. Armaiz Serrano ("Acevedo/Armaiz").  The debtors filed a motion for reconsideration on January 3, 2005 (dkt. #37) which Acevedo/Armaiz opposed (dkt. #41).  Debtors indicated that their delay in responding to the motion to dismiss was due to medical issues in the family of their attorney.  Debtors argued that they propose to pay 100% of all allowable claims, plus 6% interest.  Debtors also dispute the claim of Acevedo/Armaiz.

The matter was scheduled for August 30, 2005 and subsequently rescheduled for September 16, 2005.  On September 13, 2005, the debtors filed a motion to withdraw their motion for reconsideration (dkt. #47), electing instead to file a new bankruptcy case, Case No. 05-08723.  Acevedo/Armaiz opposed the motion, complaining that the case had been in procedural limbo for eight months pending a ruling on the motion for reconsideration (dkt. #48).

Acevedo/Armaiz also complain that the filing of the second case while the first was still pending was unconscionable and that the debtors only basis for the filing is to stave off judgments in civil cases filed by Acevedo/Armaiz.  Acevedo/Armaiz indicate that the debtors have assets well in excess of $1.3 million and little more than half of that amount in liabilities.

At a hearing held on September 27, 2005, the Court vacated the order of dismissal in Case No. 04-06968 in order to consolidate the case with Case No. 05-08723, which had been assigned to a different judge.  In reviewing both cases, it now appears that Case No. 04-06968 should remain dismissed and Case No. 05-08723 should continue as the debtors can not be debtors in two simultaneous Chapter 13 cases.

Furthermore, the Court has reviewed the debtors' initial motion requesting withdrawal of the motion for reconsideration of dismissal and concludes that the debtors were entitled to withdraw it.  Rather than being in procedural limbo, because the case had been dismissed, no automatic stay applied notwithstanding that a motion for reconsideration of dismissal was pending. See 11 U.S.C. § 362(c)(2) and <u>Lomagno v. Salomon Brothers Realty Corp. ( In re Lomagno)</u>, 2005 WL 3036319 (1st Cir. 2005).  The debtors sought to withdraw the reconsideration, alleging that they had received attachment letters from the Internal Revenue Service.  During the period in which Case No. 04-06968 was dismissed, the debtors

2

indicate that they paid municipal patents in the amount of $14,000 to avoid the closure of their business, that their mortgage is current and that they have incurred no new debts.  Almost nine months passed from the time of the initial dismissal and the debtors' decision to abandon the request for reconsideration and file a new case.  Nothing prohibited the debtors from doing this. The Court concludes that Acevedo/Armaiz are not prejudiced by the second filing.  As they themselves indicate, the debtors have sufficient assets to pay the disputed debt to Acevedo/Armaiz should they prevail on their claim.  The Court notes that the debtors have filed an adversary proceeding against Acevedo/Armaiz in Case No. 04-06968, challenging their claim, Adv. No. 05-00239, and that the matter has been scheduled for a pre-trial hearing.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the order vacating the dismissal of Case No. 04-06968 is VACATED.  The debtors' motion to withdraw their request for reconsideration of the dismissal is GRANTED.  The Case is DISMISSED.  Case No. 05-08723 will remain pending.  The Clerk to transfer Adv. No. 05-00239 to the docket of Case No. 05-08723, as well as claims numbered one through seven.  The Chapter 13 trustee is directed to transfer any funds deposited in Case No. 04-06968 to Case No. 05-08723 and file an informative motion within twenty (20) days indicating the status of the case and the amount transferred.

SO ORDERED.

San Juan, Puerto Rico, this 5th day of December, 2005.

/s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge